ADANTÉ D. POINTER (SBN 236229)
PATRICK M. BUELNA (SBN 317043)
**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

MICHAEL A. SLATER (SBN 318899)
**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**
633 West 5th St., Suite 2627
Los Angeles, CA 90071
Tel: 510-929-5400
Email: MSlater@LawyersFTP.com

Attorneys for Plaintiff
COREY WOODARD

Attorneys for Plaintiff
COREY WOODARD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WOODARD, an individual;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ONTARIO, a California public entity; and DOES 1-20, inclusive;<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1)** Excessive Force in violation of the Fourth Amendment (42 U.S.C., § 1983)<br><br>**(2)** Failure to Intervene (42 U.S.C., § 1983)<br><br>**(3)** Municipal Liability (42 U.S.C., § 1983)<br><br>**(4)** Battery (Cal. Gov. Code, § 820)<br><br>**(5)** Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code, § 52.1)<br><br>**(6)** Negligence (Cal. Gov. Code, § 820)<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

1

## COMPLAINT FOR DAMAGES

Plaintiff Corey Woodard, for his Complaint for Damages against Defendants City of Ontario and DOES 1 through 20, inclusive (collectively, "Defendants"), hereby alleges as follows:

## THE PARTIES

1. At the times of the violations of law alleged herein, and continuing to the present time, Plaintiff Corey Woodard ("Plaintiff") was and remains a competent adult. At the times of the violations of law alleged herein, Plaintiff was a resident of the City of Ontario, California.

2. Defendant City of Ontario (the "City") is a municipal public entity located within this judicial district and duly authorized and existing as such in and under the laws of the State of California. The City manages and operates the City of Ontario Police Department ("OPD"), its OPD officers and the DOE Defendants identified herein. At the times of the violations of law alleged herein, the City was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the City, the OPD and their employees / agents complied with the laws of the United States and the State of California.

3. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 20 (the "DOE Defendants") and, therefore, sues the DOE Defendants by such fictitious names. Defendants DOES 1 through 20, inclusive, are individuals employed as law enforcement officers by the City and/or OPD, whose true names and capacities are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Each of the DOE Defendants proximately caused Plaintiff's injuries / damages because of their conduct, negligence, breach of duty, management and/or violation of public policy. Each DOE Defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency,

employment, ownership, entrustment, custody, care, or control or upon any other act or omission. At all times mentioned, these DOE Defendants were acting within the course and scope of their employment and under the authority of the City / OPD.

4. All named and DOE Defendants are referred to herein collectively as "Defendants."

## JURISDICTION & VENUE

5. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. sections 1331 [federal question jurisdiction] and 1343(a)(3) [federal civil rights jurisdiction]. All claims for violations of the United States Constitution are brought pursuant to 42 U.S.C. section 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

6. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

7. Pursuant to the California Tort Claims Act, Plaintiff presented a tort claim to the City on or about July 25, 2025 (within six months of the violations of law alleged herein), which the City rejected as a matter of law. As such, Plaintiff has exhausted his administrative remedies.

## FACTUAL ALLEGATIONS

8. In the afternoon of April 15, 2025, Plaintiff was asleep in his bedroom when gas and smoke filled his bedroom, causing him to wake up in a panic not knowing what was happening, but thinking his home was on fire.

9. On information and belief, the gas and smoke that filled Plaintiff's bedroom was the result of tear gas deployed into the home by OPD officers.

10. Plaintiff proceeded to open his bedroom window when an OPD officer shot a projectile through it, shattering glass and striking the wall behind Plaintiff.

11. Next, Plaintiff saw numerous red dots appear on his chest; these were from laser-sight-mounted weapons being pointed at Plaintiff by the OPD.

12. OPD ordered Plaintiff to put his hands up and to get on his stomach, which Plaintiff proceeded to do without incident after lowering himself out of his first-floor window and onto the ground outside his bedroom.

13. For several minutes, Plaintiff waited on the ground, on his stomach, with his hands held out in front of him, as directed by the OPD.

14. While on the ground, Plaintiff observed OPD officers huddled and deliberating on something Plaintiff could not hear.

15. Next, without any justification (because Plaintiff was complying, not moving, not resisting, and not attempting to flee), OPD officer DOE Defendant 1 commanded an OPD K-9 unit to attack Plaintiff, which it proceeded to do.

16. The OPD K-9 unit was permitted to violently bite and maul Plaintiff's left leg for at least one minute while numerous OPD officers watched idly nearby, including OPD officers DOE Defendants 2, 3, 4, 5, and potentially others. DOE Defendants 2, 3, 4, and 5 had ample opportunity to intervene and call off the K-9 unit's attack directed by DOE Defendant 1, yet failed to do so.

17. When the OPD finally called off the K-9 unit, DOE Defendants 1, 2, 3, 4 and 5 (and potentially others) ran over to Plaintiff and yelled for Plaintiff to "stop resisting" (disingenuously, because he was not resisting) while they kicked him all over his body and stomped the leg wound left by the K-9 unit's horrific attack moments earlier.

18. The K-9's attack and DOE Defendants' subsequent uses of force will be referred to herein collectively as the "Subject Uses of Force." The entire incident described above will be referred to herein as the "Subject Incident."

19. As a direct and proximate result of the Subject Uses of Force, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments,

muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

20. The Subject Uses of Force and Defendants' failures to intervene to stop them were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

## FIRST CLAIM FOR RELIEF

**Excessive Force in Violation of the Fourth Amendment (42 U.S.C., § 1983)**

**(By Plaintiff Against DOE Defendants 1-20)**

21. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

22. The Subject Uses of Force employed against Plaintiff were not objectively reasonable in light of the facts and circumstances confronting Defendants during the Subject Incident.

23. Under Ninth Circuit precedent, the nature and quality of the Subject Uses of Force [dog bites and kicks / stomps] was severe.

24. Yet, the government's interest in the Subject Uses of Force was non-existence. If the government had any interest at all in the Subject Uses of Force, which Plaintiff disputes, it was minimal, including for the following reasons.

25. First, Plaintiff complied with all OPD directives. OPD ordered Plaintiff to put his hands up and to get on his stomach, which Plaintiff proceeded to do without incident after lowering himself out of his first-floor window and onto the ground outside his bedroom. After this, Plaintiff remained on the ground, on his stomach, and did not move.

26. Second, Plaintiff did not resist. Plaintiff neither fought back against the K-9 unit, nor did Plaintiff resist DOE Defendants 1, 2, 3, 4 and 5 when they started kicking / stomping him.

27. Third, at no point during the Subject Incident did Plaintiff attempt to flee.

28. Fourth, and most importantly, Plaintiff did not pose any risk to Defendants or anyone else. At no point during the Subject Incident did Plaintiff do anything or say anything that would give Defendants any reason to believe he was a danger to them. All Plaintiff did was follow their directives without incident and without violence.

29. Balancing the nature and quality of the intrusion of the Subject Uses of Force on Plaintiff's Fourth Amendment rights against the countervailing governmental interests at stake, the Subject Uses of Force were excessive in violation of the Fourth Amendment.

30. As a direct and proximate result of the Subject Uses of Force, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

31. The Subject Uses of Force were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

**Failure to Intervene (42 U.S.C., § 1983)**

**(By Plaintiff Against DOE Defendants 2-20)**

32. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

33. The OPD K-9 unit was permitted to violently bite and maul Plaintiff's left leg for at least one minute while numerous OPD officers watched idly nearby, including OPD officers DOE Defendants 2, 3, 4, 5, and potentially others. DOE Defendants 2, 3,

4, and 5 had ample opportunity to intervene and call off the K-9 unit's attack directed by DOE Defendant 1, yet failed to do so.

34. As a direct and proximate result of DOE Defendants' failures to intervene to stop the K-9 unit's attack directed by DOE Defendant 1, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

35. DOE Defendants' failures to intervene were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### Municipal Liability (42 U.S.C., § 1983)
### (By Plaintiff Against Defendant City of Ontario)

36. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

37. The City's customs, policies and/or practices were the moving force behind the Fourth Amendment excessive force violations and failures to intervene alleged herein.

38. The City, together with City policymakers and supervisors, maintained, among others, the following customs, policies and practices:

    (a) The City routinely fails to train its officers in the constitutional use of force on unarmed individuals, including the use of K-9 units, kicks and other types of force;

(b) The City routinely fails to discipline officers who use excessive force;

(c) The City maintains inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement officers of the OPD.

39. As a direct and proximate result of the City's customs, policies and/or practices, Plaintiff has been damaged in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

### Battery (Cal. Gov. Code, § 820)

### (By Plaintiff Against DOE Defendants 1-20 and the City of Ontario)

40. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

41. The Subject Uses of Force were not objectively reasonable in light of the facts and circumstances confronting Defendants during the Subject Incident.

42. The Subject Uses of Force employed by Defendants were intentional and meant to harm or offend Plaintiff, and did just that.

43. Plaintiff did not consent to the Subject Uses of Force.

44. A reasonable person in Plaintiff's position would have been offended by the Subject Uses of Force.

45. As a direct and proximate result of DOE Defendants' battery conduct, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

46. DOE Defendants' battery against Plaintiff was egregious, outrageous and shocks the conscience; and/or was committed with oppression and/or malice; and/or

was despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

47. DOE Defendants' battery conduct described herein was committed within the scope of their employment with the City. The City is vicariously liable for state law torts committed by DOE Defendants, including their battery against Plaintiff, pursuant to California Government Code section 815.2(a).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

**Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code, § 52.1)**

**(By Plaintiff Against DOE Defendants 1-20 and the City of Ontario)**

48. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

49. The nature of the Subject Uses of Force and the manners in which they were employed demonstrate DOE Defendants' specific intent to violate Plaintiff's constitutional rights by threats, intimidation or coercion.

50. As a direct and proximate result of DOE Defendants' violations of the Tom Bane Civil Rights Act, Plaintiff sustained serious physical injuries, including: puncture wounds; damage to ligaments, muscles, and tendons; and permanent scarring and disfigurement. Plaintiff has also suffered severe and continuing emotional distress. Plaintiff has incurred, and will continue to incur, financial losses due to his inability to work.

51. DOE Defendants' violation of the Tom Bane Civil Rights Act was egregious, outrageous and shocks the conscience; and/or was committed with oppression and/or malice; and/or was despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and well-being.

52. DOE Defendants' violation of the Tom Bane Civil Rights Act was committed within the scope of their employment with the City. The City is vicariously

liable for state law torts committed by DOE Defendants, including their Bane Act violations, pursuant to California Government Code section 815.2(a).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Gov. Code, § 820)

**(By Plaintiff Against DOE Defendants 1-20 and the City of Ontario)**

53. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

54. DOE Defendants owed Plaintiff a duty of care to act reasonably during the Subject Incident.

55. DOE Defendants violated their duty of care to Plaintiff when they used excessive force against him in order to effectuate an arrest.

56. As a direct and proximate result of DOE Defendants' negligence, Plaintiff has suffered damages in amounts to be proven at trial.

57. DOE Defendants' negligence was egregious, outrageous and shocks the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health and wellbeing.

58. DOE Defendants' negligence was committed within the scope of their employment with the City. Pursuant to California Government Code section 815.2(a), the City is vicariously liable for state law torts committed by DOE Defendants, including their negligence as it relates to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY TRIAL DEMAND

**WHEREFORE**, Plaintiff Corey Woodard demands a trial by jury.

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Corey Woodard prays for judgment against Defendants as follows:

1. For general and special damages according to proof at trial;
2. For punitive damages (but not against the City);
3. For reasonable attorney's fees;
4. For prejudgment interest;
5. For costs; and
6. For such other relief as the Court deems just and proper.

Dated: October 24, 2025       **POINTER & BUELNA, LLP**
       **LAWYERS FOR THE PEOPLE**

       By: */s/ Michael A. Slater*
       ADANTE POINTER
       PATRICK BUELNA
       MICHAEL A. SLATER
       Counsel for Plaintiff
       COREY WOODARD

**COMPLAINT FOR DAMAGES**
11